CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 2 2008

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff, | Criminal Action No. 5:06CR00039-001 |
| v. | **MEMORANDUM OPINION** |
| DEMARCUS CLARK,<br>　　　Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not benefit from the amended guidelines.

On May 1, 2007, the defendant, Demarcus Clark, pled guilty, pursuant to a written plea agreement, to one count of conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The defendant was sentenced on August 24, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 29 and a criminal history category of I, resulting in a guideline range of imprisonment of 87 to 108 months.[*] The court ultimately sentenced the defendant to an 87-month term of imprisonment.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to

---

[*] Although the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) is ten years, the defendant met the requirements of the safety valve provision, which permitted the court to sentence the defendant below the mandatory minimum. See U.S.S.G. § 5C1.2.

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 27, resulting in a guideline range of imprisonment of 70 to 87 months. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 87 months to 70 months. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed a response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government first asserts that a sentence reduction is unwarranted in light of the defendant's role in the conspiracy, emphasizing that the defendant acted as a "middleman." The government also objects to the proposed reduction on the basis that the defendant "already received a reduced sentence," since he qualified for the safety valve provision. As the defendant points out in his response, however, the defendant's role in the conspiracy was fully considered when the court originally sentenced the defendant. Consequently, the court is unable to find that the defendant's role should now prevent him from benefitting from the amended guidelines. Likewise, the court is unpersuaded by the defendant's argument that a sentence reduction is unwarranted in light of the fact that the defendant qualified for the safety valve provision.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised.

2

In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 (2007 Supp.), the court will reduce the defendant's sentence to 70 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 1st day of April, 2008.

*/s/ Glen Conrad*
United States District Judge